# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ESTHER K. ASBURY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0070** (BOR Appeal No. 2048702)
(Claim No. 2012035348)

**WEST VIRGINIA DEPARTMENT OF**
**HEALTH AND HUMAN RESOURCES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Esther K. Asbury, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Department of Health and Human Resources, by Lisa Warner Hunter and Julie E. Thomas, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2013, in which the Board affirmed an August 8, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 5, 2012, decision rejecting Ms. Asbury's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Asbury worked as an office assistant for the West Virginia Department of Health and Human Resources. Her duties primarily involved clerical work including filing, data entry, and switchboard operating. After developing pain in her hands and wrist, Ms. Asbury sought treatment from Wassim S. Saikali, M.D., who diagnosed her with generalized osteoarthritis and carpal tunnel syndrome in both wrists. Ms. Asbury filed an application for workers' compensation benefits based on her carpal tunnel syndrome diagnosis. She alleged that the

1

repetitive motion from typing and filing caused the condition. The physician's portion of her application was filled out by Dr. Saikali, but he did not indicate that there was a causal connection between her job and her carpal tunnel syndrome. Dr. Saikali indicated on the application that the condition "could be" caused by her occupational duties. On July 5, 2012, the claims administrator denied Ms. Asbury's application. Following this denial, Barry K. Vaught, M.D., conducted electromyography (EMG) and nerve conduction studies on Ms. Asbury's wrists which confirmed the diagnosis of carpal tunnel syndrome. Dr. Saikali also wrote a letter to the claims administrator stating that Ms. Asbury used her hands in her job, but he was not sure that her condition was related to her work. Marsha Bailey, M.D., then evaluated Ms. Asbury and found that her occupational responsibilities were not related to her carpal tunnel syndrome. Dr. Bailey found that Ms. Asbury had osteoarthritis and that her carpal tunnel syndrome was related to this non-compensable condition as well as her excessive weight and elevated blood sugar. On August 8, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Office of Judges' Order on December 23, 2013, leading Ms. Asbury to appeal.

The Office of Judges concluded that the evidence did not establish that Ms. Asbury's carpal tunnel syndrome was occupationally related. The Office of Judges determined that Ms. Asbury's evidence did not include a declarative medical opinion that her carpal tunnel syndrome was caused by her work. It found that even Dr. Saikali, her treating physician, was not sure that the condition was work related. The Office of Judges also considered the opinion of Dr. Bailey and was unable to reasonably rule out non-occupational factors as the cause of her condition. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Asbury has not demonstrated that she developed carpal tunnel syndrome in the course of and resulting from her employment. The medical evidence in the record, including Dr. Saikali's treatment notes and the EMG study, verify that Ms. Asbury has carpal tunnel syndrome. She has not, however, presented sufficient evidence to show that there is a direct causal relationship between this condition and her work duties. West Virginia Code § 23-4-1(f) (2008). Dr. Saikali's uncertainty regarding the cause of her condition significantly undermines her request for workers' compensation benefits. Ms. Asbury's work duties, furthermore, are primarily clerical in nature and do not involve the type of awkward, high force, or repetitive manual movements that have been shown to cause carpal tunnel syndrome. West Virginia Code of State Rules § 85-20-41.5 (2006). The evidence in the record indicates that Ms. Asbury is suffering from an ordinary disease of life which should not be held compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum